UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

U.S. DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
FILED
SEP 20 2019
JAMES W. McCORMACK, CLERK
BY: _____ DEPUTY CLERK

MICHAEL STRAWDER,

    Plaintiff,

v.

CAPITAL ONE BANK (USA), N.A.,

    Defendant.

Case No.: 4:19-CV-649-JM

COMPLAINT AND DEMAND FOR JURY TRIAL

This case assigned to District Judge **Moody**
and to Magistrate Judge **Volpe**

## COMPLAINT

MICHAEL STRAWDER ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against CAPITAL ONE BANK (USA), N.A. ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the State of Arkansas and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

### PARTIES

5. Plaintiff is a natural person residing in Pine Bluff, Arkansas.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

1

7. Defendant is a corporation that has its mailing address located at 1680 Capital One Drive, Mclean, VA 22101.

8. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number.

11. Plaintiff has only used the dialing number associated with his cellular telephone for said cell phone. In other words, his phone number has never been associated with another telephone or device.

12. Defendant called Plaintiff repeatedly on his cellular phone.

13. When contacting Plaintiff, Defendant called Plaintiff using an automatic telephone dialing system and automatic and/or pre-recorded messages.

14. Plaintiff knew that Defendant was calling her using an automated telephone dialing system as she was routinely greeted by a pre-recorded message prior to connecting to one of Defendant's live agents.

15. Defendant's telephone calls were not made for "emergency purposes."

16. Shortly after the calls began, Plaintiff told Defendant to stop calling him, thereby revoking any consent Defendant may have had to call Plaintiff on her cellular telephone.

17. Once Defendant was informed that its calls were unwanted and to stop calling, all further calls could only have been made solely for the purposes of harassment.

18. Rather than restricting its calls to Plaintiff's cellular telephone, Defendant proceeded to ignore Plaintiff's revocation of consent, and continued to call him.

19. Defendant's conduct described above was in violation of the Telephone Consumer Protection Act.

20. By disrupting his serenity and repeatedly ignoring his explicit instruction, Defendant caused injury to Plaintiff.

## COUNT I
## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

21. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

22. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system and automatic and/or pre-recorded messages.

23. Defendant's calls to Plaintiff were not made for "emergency purposes."

24. Defendant's calls to Plaintiff after he revoked consent were not made with Plaintiff's prior express consent.

25. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

26. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

27. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, MICHAEL STRAWDER, respectfully prays for a judgment as follows:

    a. All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A));

    b. Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

    c. Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

    d. Injunctive relief (as provided under 47 U.S.C. § 227(b)(3)); and

    e. Any other relief this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, MICHAEL STRAWDER, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

KIMMEL & SILVERMAN, P.C.

By: /s/
Amy L. Bennecoff Ginsburg, Esq.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: aginsburg@creditlaw.com

DATED: 9/13/19